UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

David Fuentes,

      Plaintiff,

v.                                                11-3136

John P. Eichelberger,
Keith A. Powell,
Lieutenant Mitchell,

      Defendants.

## Case Management Order (Merit Review)

The plaintiff, currently incarcerated in Stateville Correctional Center, filed this action pursuing claims arising from an incident during his incarceration in Western Illinois Correctional Center.

The court is required by 28 U.S.C. §1915A to conduct a merit review of the Complaint, and through such process to identify cognizable claims and dismiss claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted . . . ." A merit review hearing was scheduled to aid the court in this review, but will be cancelled as unnecessary.

The merit review standard is the same as the motion to dismiss standard. To state a claim under federal notice pleading standards, all the Complaint must do is set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007), *quoting Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007)(other citation omitted). However, the factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level' . . . ." *Id.*, *quoting Bell Atlantic*, 127 S.Ct. at 1965, 1973 n. 14. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009), *citing Twombly*, 127 S.Ct. 1955. The court keeps in mind, however, that pro se pleadings are liberally construed. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

The plaintiff alleges that, on June 11, 2009, while he was incarcerated in Western Illinois Correctional Center, Defendant Eichelberger (food service supervisor) ordered him to stay and

1

work another shift after the plaintiff's first shift ended. The plaintiff was having severe chest pains and pain from a prior spinal cord injury and spina bifida, as well as vomiting. The plaintiff explained this to Eichelberger, but Eichelberger ordered him to keep working anyway. Eichelberger refused to call the HCU to verify the plaintiff's injuries, instead issuing a disciplinary report. The plaintiff informed defendants Powell (food service supervisor) and Lieutenant Mitchell of his pain and vomiting, but they ignored him and he was walked to segregation for refusing to work. During that escort, Powell and Mitchell allegedly used excessive force by pushing the plaintiff to the concrete, which has allegedly exacerbated his pre-existing injuries. A second disciplinary report was written, allegedly falsely accusing the plaintiff of struggling and kneeing Powell in the groin during the escort. According to the attachments to the complaint, the plaintiff was found guilty of assaulting an employee (kicking in the groin area) and disobeying a direct order to work. Department policy allegedly precludes inmates from working more than one shift, or being paid for more than one shift.

The plaintiff's claim of excessive force may be barred, if it challenges the validity of the discipline he received. This is because he lost good time credits, and a legal challenge to the loss of good time may only proceed as a habeas corpus action. This is so even if the plaintiff does not ask for the restoration of his good time. *DeWalt v. Carter*, 224 F.3d 607, 615 (7th Cir. 1999)(claims that "necessarily impl[y] the invalidity of the punishment imposed (i.e., loss of good time credits) . . . [are] not cognizable under § 1983" until the prison disciplinary decision has been invalidated). However, at this point the court cannot confidently determine that the excessive force claim is barred. It is not clear if the plaintiff's excessive force claim necessarily implies the invalidity of the disciplinary finding. That decision should be made on a more developed record. Accordingly, the plaintiff's excessive force claim will proceed against Defendants Powell and Mitchell.

The plaintiff also seems to be trying to assert a claim that forcing him to work amounted to cruel and unusual punishment, in light of the severe pain and vomiting he was experiencing. However, though the plaintiff was ordered to work, he did not work, refusing to do so because of his condition. The claim is more that he was put to a cruel and unusual choice, in light of his condition: work or be punished. It seems a stretch to infer that this conduct is actionable under the Eighth Amendment. However, concluding that would require factual findings that would be premature on this record. Accordingly, this claim will proceed as well.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states an Eighth Amendment claim for excessive force against Defendants Mitchell and Powell, and an Eighth Amendment claim against Defendants Mitchell, Powell and Eichelberger, for ordering him to work or be punished, even though he was experiencing severe pain and vomiting.

2

2) The case proceeds solely on the claims identified in paragraph one above.[1]

3) The plaintiff's initial partial fee is waived because he has a negative balance in his account. The plaintiff is still required, however, to make monthly payments of 20% of his preceding month's income, to the extent his account exceeds $10. 28 U.S.C. § 1915(b)(2). The plaintiff's prison is directed to forward said payments from the plaintiff's account to the clerk of court, when the plaintiff's account balance is greater than $10. The clerk of court is directed to send this order to the trust fund office at the plaintiff's prison.

4) This case is referred to the Magistrate Judge for entry of a Prisoner Scheduling Order.

5) The defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

Entered this  15th  Day of  June , 2011.

\s\**Harold A. Baker**

HAROLD A. BAKER

UNITED STATES DISTRICT JUDGE

---

[1] This case does *not* include claims about the soy diet or the plaintiff's lack of medical treatment. He is already proceeding on those claims in another case, 11-3073.